IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAMERON and JACQUELEN TRUJILLO,
Individually and as Parents of C.T.,
a minor child,

    Plaintiffs,

v.                                        Cause No.: 1:14-cv-00435 JCH/SCY

BOARD OF EDUCATION OF CUBA INDEPENDENT
SCHOOL DISTRICT, VIVIAN SANDOVAL, AND
NEW MEXICO PUBLIC EDUCATION DEPARTMENT,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER having come before me upon the fairness hearing involving the minor, C.T., upon the stipulation of the parties, at the fairness hearing held on Monday, November 3, 2014 at 3:00 p.m., and having reviewed the pleadings including the *Guardian Ad Litem* Report and Supplemental *Guardian Ad Litem* Report, and having heard testimony, and being otherwise fully advised, I make the following findings and recommendations:

1. The Court has jurisdiction over the parties and subject matter herein. The settlement of the minor, C.T.'s claims, as outlined in the *Guardian Ad Litem* Report is fair, reasonable, and in the best interests of the minor, C.T., and the Motion should therefore be granted.

2. Cameron and Jacquelen Trujillo, are the biological parents and Legal Guardians of C.T., and are authorized and the appropriate persons to enter into a compromise of C.T.'s causes of action against the Defendant, Board of Education of Cuba Independent School District. Such settlement shall not affect the Plaintiffs'

claims with the remaining Defendants.

3. Cameron and Jacquelen Trujillo have been apprised of their rights and are aware that neither they, nor C.T., nor their heirs and assigns will be able to seek additional amounts from the Defendant, Board of Education of Cuba Independent School District, <u>only</u>, in the future regarding this claim and that this settlement constitutes a full and complete settlement of any and all claims that Cameron and Jacquelen Trujillo, individually, and as Parents, Legal Guardians, and next friends of C.T. may have against the Defendant, Board of Education of Cuba Independent School District, <u>only</u>, as a result of the incidents as described in the *Guardian Ad Litem* Report.

4. Given the facts of the incident, settlement is hereby authorized, ratified, and approved by the Court as in the best interests of C.T., a minor.

5. A structured settlement annuity for C.T. is in the child' best interests and the structured settlement annuities approved herein are an integral and inseparable element of the proposed settlement, and are essential to this Court's determination of fairness. Cameron and Jacquelen Trujillo, as Parents and Legal Guardians of C.T., acknowledge that the rights to receive the Periodic Payments described herein and granted to the minor, C.T. cannot be accelerated, deferred, increased, decreased, sold, transferred, hypothecated, pledged, or otherwise alienated in any manner by C.T., either directly or indirectly, without the prior approval of the undersigned Judge or the then sitting Judge of the U.S. District Court for the District of New Mexico in which the above referenced lawsuit was filed, as

evidenced by this Order. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of the filed Order.

6. All sums set forth herein constitute damages on account of physical, personal injuries and sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

IT IS THEREFORE RECOMMENDED that:

1. The settlement in the amount of $70,000.00 for C.T., as outlined in the *Guardian Ad Litem's* Report and Supplemental *Guardian Ad Litem's* Report is hereby approved as being fair, reasonable, and in the best interest of the minor, C.T.

2. The payment of attorney's fees, and New Mexico gross receipts tax, is hereby approved and shall be distributed in accordance with the *Guardian Ad Litem's* Report and Supplemental Report.

3. The total payment of the settlement in the amount of $70,000.00 shall be distributed in accordance with the *Guardian Ad Litem's* Report and Supplemental Report in that the Court approves the purchases of the insulation and the dry-wall, playground equipment, computer, software, and educational programs for C.T. Therefore, Defendant shall forward a check payable to Gail Stewart, Esq. in the amount of $15,000.00 ($6,955.00, for attorneys' fees and gross receipts tax; and $8,045.00 for the remaining amounts for CT.) The $8,045.00 shall be deposited in Ms. Stewart's trust account where Ms. Stewart shall hold this money and shall write the checks for each individual purchase to the vender directly, or Mrs. Trujillo, who shall provide receipts to Ms. Stewart for these purchases within 30 days of the purchase.

4. The remaining $55,000.00 shall be used to fund a structured settlement annuity and those annuity payments shall pay into the C.T. Irrevocable Trust and distributed in monthly amounts to begin when C.T. turns 18. The structured settlement annuity shall provide a monthly amount for C.T. as follows:

|  | *Cost* | *Guaranteed Benefits* | *Lifetime Benefits* |
|---|---|---|---|
| **Monthly Income–Guaranteed Tax-Free** *$912.50* Payable monthly, guaranteed 7 years, to begin 09/13/2022 (Age 18). | $55,000.00 | $76,650.00 | $76,650.00 |

The cost of the proposed Structured Settlement Annuity is $55,000.00. The guaranteed return is $76,650.00. The internal rate of return is 3.01%. The Taxable rate of return based on a 28% tax bracket is 4.18%. The annuity would be purchased through Pacific Life Insurance Company, rated: A.M. Best, A+15; Standard & Poor's: A+; Fitch, A+; Moody's, A1.

5. The Court specifically approves the creation and explicitly approves the funding of the C.T. Irrevocable Trust with the settlement monies obtained as a result of this lawsuit including payments from the structures settlement annuities described above which shall be paid directly to and irrevocably assigned into the C.T. Irrevocable Trust. The settlement monies are being irrevocably assigned to the C.T. Irrevocable Trust for C.T. The C.T. Irrevocable Trust, which is a special needs trust, is designed to receive C.T.'s personal injury settlement proceeds and to allow him to continue to qualify for Supplemental Security Income and Medicaid benefits. Jacquelen Trujillo is appointed as Trustee of this Trust without bond.

6. Cameron and Jacquelen Trujillo understand and agree that this is C.T.'s money and Cameron and Jacquelen Trujillo are under a fiduciary duty to safeguard and protect this money for C.T.'s benefit and this money may not be used for food, clothing, or shelter for C.T., or anyone else.

7.	Cameron and Jacquelen Trujillo further understand that the Court may request an accounting of these funds and proof that the funds are only used for C.T.'s benefit.  Cameron and Jacquelen Trujillo further understand that should any disbursements be made without this Court's Order, such disbursements and Cameron and Jacquelen Trujillo may be the subject of contempt of court proceedings.

8.	The *Guardian Ad Litem* for C.T. is hereby discharged of her duties.  Her fees shall be shall be paid by the Defendant, Board of Education of Cuba Independent School District.

/s/ Steven C. Yarbrough
THE HONORABLE STEVEN C. YARBROUGH
U.S. DISTRICT COURT MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**