IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAMERON and JACQUELEN TRUJILLO,
Individually and as Parents of C.T.,
a minor child,

    Plaintiffs,

v.                                                Cause No.: 1:14-cv-00435 JCH/SCY

BOARD OF EDUCATION OF CUBA INDEPENDENT
SCHOOL DISTRICT, VIVIAN SANDOVAL, AND
NEW MEXICO PUBLIC EDUCATION DEPARTMENT,

    Defendants.

**STIPULATED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiffs' Joint Motion to Request Fairness Hearing [Doc. 41] filed on April 1, 2015, which asks the Court to approve the settlement between Plaintiffs and Defendants, New Mexico Public Education Department. The Joint Motion to Request Fairness Hearing [Doc. 41], filed on April 1, 2015 was referred to the undersigned Magistrate Judge on Order of Reference [Doc. 42], filed on April 2, 2015. The Court held an in-person fairness hearing on the *Joint Motion to Request Fairness Hearing* [Doc. 41] on Thursday, June 4, 2015 at 11:30 a.m., at which time counsel for the settling parties, the Plaintiffs and the *Guardian Ad Litem* for C.T. appeared. (Please see *Clerk's Minutes* [Doc. 50], filed on June 8, 2015.)

At the fairness hearing, Plaintiffs, through their attorney, acknowledged that the parties resolved this case and requested the Court's approval of the settlement. Court approval is necessary for the settlement of Plaintiffs' claims in this case because C.T. is a minor. *See* ***Garcia v. Middle Rio Grande Conservancy Dist.***, 1983-NMCA-047, ¶ 30, 99 N.M. 802, 664 P.2d 1000

(N.M. Ct. App. 1983), *overruled on other grounds* by **Montoya v. AKAL Sec., Inc.**, 1992-NMSC-056, ¶ 12, 114 N.M. 354, 838 P.2d 971 (N.M. 1992) (citations omitted) (explaining that the Court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself"). Having considered the *Joint Motion to Request Fairness Hearing* [Doc. 41], the *Report of Guardian Ad Litem* Report [Doc 45], the *Supplemental Report of Guardian Ad Litem for Claims Against The New Mexico Public Education Department* [Doc. 49], the record of this case, and the relevant law, and having considered the presentations of counsel and the testimony of Plaintiffs, Cameron and Jacquelen Trujillo, and the *Guardian Ad Litem* during the fairness hearing held on June 4, 2015, the Court FINDS:

The proposed settlement to be fair, reasonable and in the best interests of C.T. The Court "must approve a settlement if it is fair, reasonable and adequate." **Jones v. Nuclear Pharmacy, Inc.**, 741 F.2d 322, 324 (10th Cir. 1984). In assessing whether a settlement is fair, reasonable and adequate, the Court should consider:

(1) whether the proposed settlement was fairly and honestly negotiated;
(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
(4) the judgment of the parties that the settlement is fair and reasonable. *Id.* (citation omitted).

## THE COURT'S FINDINGS:

This case involves allegations that the New Mexico Public Education Department (herein after, "NMPED") intentionally discriminated against C.T. by failing to take any action when it received an IDEA state level complaint from the Cuba Elementary School principal, Dr. Paddy

Domier in February 2012, and that NMPED's policies explicitly or implicitly approved use of physical force against children with disabilities. (Complaint at ¶55 [Doc.1]). On April 8, 2015, the Court appointed Gabrielle M. Valdez, Esq., as *Guardian Ad Litem*, (hereinafter, "GAL") for C.T. [Doc. 43], pursuant to **Collins v. Tabet**, 1991-NMSC-013, 111 N.M. 391, 806 P.2d 40 (N.M. 1991). For the reasons described more fully in the *Report of Guardian Ad Litem* [Doc. 45] and *Supplemental Report of Guardian Ad Litem for Claims Against The New Mexico Public Education Department* [Doc. 49], the GAL opined that the settlement is fair and reasonable as to C.T. and in the bests interests of C.T. and recommended that the Court approve the settlement. The Court agrees with the opinion of the GAL that the settlement is fair, reasonable, and in C.T.'s best interests. Having considered factors set out in *Jones*, the Court finds that: (1) the proposed settlement was fairly and honestly negotiated; (2) serious questions of law and fact exist placing the ultimate outcome of the litigation in doubt; (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the settling parties agree that the settlement is fair and reasonable. Accordingly, the Court recommends that the *Joint Motion for Fairness Hearing* [Doc.41] be granted. Further, the Court finds that the parties have waived the 14 days in which to file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

The Court further recommends as follows:

## RECOMMENDED DISPOSITION:

1. The settlement in the amount of $46,000.00 for C.T., as outlined in the *Report of Guardian Ad Litem* [Doc.45] and *Supplemental Report of Guardian Ad Litem for Claims Against The New Mexico Public Education Department* [Doc. 49] is hereby approved as being fair, reasonable, and in the best interest of the minor, C.T.

2. The payment of Plaintiffs' attorneys' fees and costs, is approved and shall be distributed in accordance with *Report of Guardian Ad Litem* [Doc.45] and *Supplemental Report of Guardian Ad Litem for Claims Against The New Mexico Public Education Department* [Doc. 49] (total attorney's fees and costs are $24,000.00 with $19,500.00 distributed to Law offices of Steve Granberg for Gail Stewart's attorney's fee ($12,041.69) and advancement of costs ($7,458.31), and $4,500.00 distributed to Pegasus Legal Services for Tara Ford's attorney's fee).

3. Of the remaining settlement money ($22,000.00), the Court approves up to approximately $18,000.00 (subject to de minimus amounts for taxes) for the purchase of a four wheel drive vehicle. The Court acknowledges that based on C.T.'s special needs, medical condition, cultural traditions, and residence, in all likelihood, C.T. will not cease being dependent on his parents when he turns 18. Therefore, the traditional framework in a settlement involving a minor, whereby settlement money is distributed to a minor when the minor turns 18, would not be appropriate in these circumstances. Ms. Jacqueline Trujillo and Mr. Cameron Trujillo, C.T.'s parents, shall maintain and pay for insurance and maintenance on this vehicle. This vehicle shall not be encumbered or the subject of any liens under any circumstance and Ms. Jacqueline Trujillo and Mr. Cameron Trujillo acknowledge that they have a fiduciary responsibility with regard to this vehicle.

4. The remaining amount after the purchase of the vehicle (approximately $4,000.00) shall be used to fund the [C.T.] *Irrevocable Trust* and must be used in accordance with the provisions of the [C.T.] *Irrevocable Trust.*

5. Cameron and Jacquelen Trujillo understand and agree that this is C.T.'s money and Cameron and Jacquelen Trujillo are under a fiduciary duty to safeguard and protect this money for C.T.'s benefit and this money may not be used for food, clothing, or shelter for C.T.,

or anyone else.

6. Cameron and Jacquelen Trujillo further understand that the Court may request an accounting of these funds and proof that the funds are only used for C.T.'s benefit. Cameron and Jacquelen Trujillo further understand that should any disbursements be made without this Court's Order, such disbursements and Cameron and Jacquelen Trujillo may be the subject of contempt of court proceedings.

7. The *Guardian Ad Litem* for C.T. is hereby discharged of her duties. Her fees shall be shall be paid by the Defendant.

Therefore, the Court recommends that the *Joint Motion to Request Fairness Hearing* [Doc. 41] be GRANTED and the settlement be APPROVED as set forth above. All claims belonging to Cameron and Jacquelen Trujillo, Individually and as Parents of C.T., a minor,, arising from the events described in the Complaint for Damages and Injunctive Relief Based on Negligence and Disability Discrimination filed on May 12, 2014 [Doc. 1] which were or which could have been brought against the New Mexico Public Education Department are dismissed with prejudice.

/s/ Steven C. Yarbrough
THE HONORABLE STEVEN YARBROUGH
UNITED STATES MAGISTRATE JUDGE

Submitted By:

*Approved via email June 8, 2015*
Gail Stewart, Esq.
Steven Granberg, Esq.
3800 Osuna Rd NE, Suite 1
Albuquerque, New Mexico  87109
(505) 244-3779
(505) 245-8558 – Fax
gstewart@66law.com
*Attorneys for Plaintiffs*

*Approved via email June 8, 2015*
Tara Ford, Esq.
Pegasus Legal Services for Children
3201 4th St. NW
Albuquerque, New Mexico  87107
(505) 244-1101
(505) 244-0060 – Fax
tford@pegasuslaw.org
*Attorneys for Plaintiffs*

| | |
|---|---|
| *Approved via email June 8, 2015* | *Electronically signed /s/ Gabrielle M. Valdez* |
| Ann L. Keith, Esq. | Gabrielle M. Valdez, Esq. |
| Stiff, Keith & Garcia, LLC | Youtz & Valdez, P.C. |
| 400 Gold Ave. SW, Ste. 1300 | 900 Gold Ave. SW |
| Albuquerque, New Mexico  87102 | Albuquerque, New Mexico  87102 |
| (505) 243-5755 | (505) 244-1200 |
| (505) 243-5855 – Fax | (505) 244-9700 - Fax |
| akeith@stifflaw.com | gabrielle@youtzvaldez.com |
| *Attorney for Defendant, NMPED* | *Guardian Ad Litem for C.T.* |